# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.:  1:25-cv-3205

      JOHN DOE,

           Plaintiff,

v.

      UNITED STATES CENTER FOR SAFESPORT, and
      MELISSA VIGIL, individually and in her official capacity,

           Defendants.

## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM "JOHN DOE"

      Plaintiff, John Doe, by and through his attorneys, the Savela Law Firm, P.C., hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous plaintiff. Plaintiff requests that the anonymity of the Plaintiff apply to all further proceedings in this case. Plaintiff's identity should not be made publicly available due to the highly personal and confidential nature of the allegations contained in the Complaint and Jury Demand, a copy of which is attached as **Exhibit A**.

      Plaintiff is justifiable concerned about acts of reprisal that could further prevent him from proceeding with his future endeavors and inflict additional and severe financial, reputational, and/or mental harm. Plaintiff's identity, as described in the Complaint and Jury Demand, should not be made available to the general public due to the highly personal, sexually explicit, and confidential nature of the allegations in the Complaint and associated exhibits. Plaintiff further informs the Court that he anticipates moving for a Protective Order at a later date requesting that Defendants be prohibited from ever disclosing Plaintiff's true identity.

1

## LEGAL STANDARD

"Lawsuits are public events." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). "Courts are public institutions which exist for the public to serve the public interest" and "secret court proceedings are anathema to a free society." *Id.* at 800. Therefore, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

The Federal Rules of Civil Procedure do not contemplate party anonymity. *M.M.*, 139 F.3d at 800. Rule 10(a) requires that a complaint "name all the parties" and under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (stating that "there is no explicit congressional grant of a right of a party to proceed anonymously"); *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.").

Following these general principles, in this Circuit, plaintiffs are generally allowed to proceed anonymously only in "exceptional cases" that fall into one of three categories: (1) cases "involving matters of a highly sensitive and personal nature"; (2) where the plaintiff is threatened with "real danger or physical harm", or (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1018-19 (D. Colo. 2022) (quoting *M.M.*, 239 F.3d at 803). Both the injury litigated against and whether the revelation of plaintiff's identity may itself visit that very injury are pertinent. *MM.*, 239 F.3d at 802. Each of these factors weighs heavily in favor of allowing Plaintiff to proceed under a pseudonym. Ultimately, the test for permitting a plaintiff to proceed anonymously is whether a plaintiff has a substantial

privacy right that outweighs the presumption of openness in judicial proceedings. *Doe v. Heitler*, 26 P.3d 539, 541 (Colo. App. 2001); *see also Does 1-11 v. Bd. of Regents of Univ. of Colorado*, No. 21-CV-2637, 2022 WL 43897 at *3-4 (D. Colo. Jan. 5, 2022).

## ARGUMENT

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Instead, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with being falsely linked to an instance of sexual misconduct. Numerous courts in Colorado and around the nation have permitted plaintiffs alleging similar claims to proceed anonymously. *See*, *e.g.*, *Doe v. Univ. of Denver*, 1 F.4th 822 (10th Cir. 2021); *Doe v. Univ. of Co., Boulder*, 255 F.Supp.3d 1064 (D. Colo. 2017); *see also Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593–94 (E.D. Va. 2016) ("[W]hat justifies the use of pseudonyms here is plaintiff's status as an accused perpetrator of sexual misconduct . . . If plaintiff is ultimately found not responsible . . . he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma."); *Doe v. Univ. of Montana*, No. CV 12-77-M-DLC 2012 WL 2416481, at *4 (D. Mont. June 26, 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names.").

Additionally, Plaintiff should be allowed to proceed anonymously in this matter as the revelation of his identity would result in significant harm to Plaintiff, the exact type of harm he seeks to remedy by the commencement of this lawsuit. Specifically, if Plaintiff was required to reveal his identity, any ultimate success in this matter would be negated by the

3

disclosure of his name. Namely, even if he were to achieve a removal of the his name from SafeSport Centralized Disciplinary Database, Plaintiff would nonetheless be significantly hindered in his ability to pursue a future career and personal endeavors as any entity or employer would undoubtedly have access to the records related to the matter and discover that Plaintiff was falsely accused of sexual misconduct, regardless of whether the decision was ultimately overturned as a result of this litigation. Should Plaintiff's name be revealed, he will be forever associated with sexual misconduct, no matter how false the allegations are or how far from due process and fairness the investigation and arbitration are shown to have been conducted.

Thus, Plaintiff should be permitted to proceed anonymously as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter.

Furthermore, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are fully aware of the identity of Plaintiff so there is no harm or prejudice to the Defendants by keeping the plaintiff's identity out of the public purview. Defendants will have an unobstructed opportunity to conduct discovery, present defenses, and litigate this matter regardless of whether Plaintiff is identified or proceeds anonymously. *See*, *e.g.*, *id*.

Thus, Plaintiff should be permitted to proceed in this action anonymously because revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

Likewise, Plaintiff should also be permitted to proceed in this action anonymously because the public does not have a strong interest in knowing his identify. Considering the

purely legal nature of the claims presented, there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identify, as his challenges to SafeSport's unfair and biased investigation and adjudication process concern a larger association than the interest of an individual plaintiff. Indeed, it affects the Olympic and Paralympic Movement. *See Doe No. 2*, 242 F.R.D. at 195.

Finally, Plaintiff should be permitted to proceed using a pseudonym because this matter seeks to remedy exactly the kind reputational harm that revelation of his identity would exacerbate. Plaintiff's prevailing in this litigation would be undermined if he were required to reveal his identity, allowing the public, through simply online searching, to associate him with these egregious and unfounded lies of sexual misconduct, further damaging his future endeavors, the very harms he seeks to remedy in this action.

Thus, there is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceeding sufficient to outweigh Doe's right to privacy. The public's knowledge will only be minimally restricted, as they still know what is alleged to have occurred that resulted in the charges of sexual misconduct and how Defendant investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is no strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs. The interests of Defendants and the public will bear no harm by not revealing John Doe's true identity.

Because proceeding anonymously will protect Plaintiff from significant prejudice without hindering Defendants or a legitimate public interest, this Court should grant Plaintiff's request to proceed using a pseudonym.

## CONCLUSION

For these reasons and such other that may appear just to the Court, Plaintiff, John Doe, requests that his Motion for Leave to Proceed Under Pseudonym "John Doe" be granted.

Respectfully submitted the 10th day of October 2025

*s/ Jason Savela*
Jason Savela, Esq.
The Savela Law Firm, P.C.
3825 Iris Ave., Suite 100
720-260-7392
jason@savelaw.net

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

<em>s/ Jason Savela</em>